UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STEPHANIE THOMPSON, *on behalf of herself and all others similarly situated*,

                    Plaintiff,                    Case No. 20-CV-651(MKB)(SJB)

    - against -

GLOBAL CONTACT SERVICES, LLC, EUGENE
OHEMENG, FRANK CAMP, ANTOINETTE CURRIE,
and JAMIE HOFFMAN,

                    Defendants.
-------------------------------------------------------------------X

# THE GCS DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

Dated:  New York, New York
         October 15, 2020

Aaron Warshaw
Jessica Schild
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C
599 Lexington Avenue, 17th Floor
New York, New York 10022
(212) 492-2500

Attorneys for Defendants
*Global Contact Services, LLC, Frank Camp, Antoinette Currie, and Jamie Hoffman*

## I. PRELIMINARY STATEMENT

Defendants Global Contact Services, LLC ("GCS"), Frank Camp, Antoinette Currie, and Jamie Hoffman (collectively, the "GCS Defendants") respectfully submit this memorandum of law in support of their Fed. R. Civ. P. 12(c) motion for partial judgment on the pleadings. As demonstrated below, the Court should dismiss Plaintiff's Second Cause of Action because her individual and purported class claims under the New York Labor Law (the "NYLL") are barred by the final judgment and order entered in connection with a prior class action settlement. Plaintiff did not opt out of, or object to, the prior class action settlement, which provided for a complete release of Plaintiff's NYLL claims against the GCS Defendants, and which effectively bars Plaintiff's purported class NYLL claims.

## II. BACKGROUND FACTS

On October 1, 2019, a class action complaint entitled *Finisterre et al. v. Global Contact Services, LLC*, Case No. 521437/2019, was filed with the Supreme Court of New York, Kings County, against GCS alleging a cause of action under the New York Labor Law (the "NYLL"). (Decl. of Aaron Warshaw ("Warshaw Decl."), Ex. A.) On or around October 17, 2019, the *Finisterre* plaintiffs filed an unopposed motion seeking preliminary approval of the class action settlement, as well as approval of the notice of settlement to the class. (*Id.*, Ex. B.) On or around November 8, 2019, the court granted the motion and directed distribution of notices to the settlement class. (*Id.*, Ex. C.)

According to the Notice of Class Action Lawsuit Settlement and Fairness Hearing (the "Notice") in *Finisterre*, the Final Judgment and Order released GCS from all claims including:

> Any and all claims, causes of actions, demands, debts, obligations, damages, or liability pursuant to the New York Labor Law and the regulations of the New York State Department of Labor, as well as liquidated damages, interest, attorneys' fees, expenses, and costs related to all such claims.

(Ex. D at ¶ 5.) The Notice further defined "Defendant" as including "all related entities, officers, members, etc." of GCS. (*Id.*) Class members were defined as any "customer service representative[s] at Global Contact Services in Long Island City, New York between March 1, 2017 through August 6, 2019 who worked at least one shift of ten hours or more when paid at the minimum wage rate." (*Id.* at 1.) Under this definition, Thompson was included in the settlement class. (Warshaw Decl., ¶ 9.)

Pursuant to the Order approving the *Finisterre* settlement, Plaintiff was provided Notice and permitted to "opt out" no later than January 20, 2020. (*Id.*, Ex. E at ¶ 8.) Plaintiff failed to opt out.[1] (Warshaw Decl., ¶ 11.) On March 17, 2020, the *Finisterre* plaintiffs filed an unopposed motion for final approval of the class action settlement. (Warshaw Decl., Ex. F.) Thereafter, on or around May 27, 2020, the court granted the motion for final approval of the class action settlement. (*Id.*, Ex. G.)

On or around, February 5, 2020, Plaintiff herein filed her Complaint in this action seeking, among other causes of action, individual and purported class relief for alleged violations of the NYLL (Second Cause of Action). (*Id.*, Ex. H at ¶¶ 82-89.) Specifically, Plaintiff's Second Cause of Action alleges that she and others who she purports to represent were not provided "all of the wages to which they were entitled under the NYLL," including regular, overtime, and spread of hours wages." (*Id.*, at ¶ 86.) Plaintiff's individual and class NYLL claims are ripe for dismissal as discharged under the *Finesttere* settlement.

---

[1] Highlighting the overall fairness of the *Finisterre* settlement, only 3 out of 1,180 settlement class members elected to opt out of the settlement. (Warshaw Decl., ¶ 12.)

2

## III. ARGUMENT

### A. The Applicable Rule 12(c) Standard

The standard for ruling on a Fed. R. Civ. P. 12(c) motion is virtually identical to the standard under Fed. R. Civ. P. 12(b)(6). *Hayden v. Paterson*, 594 F.3d 150, 157 n.4 (2d Cir. 2010); *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 (2d Cir. 1977). Thus, in considering this motion for judgment on the pleadings, the Court accepts as true all of the well-pleaded facts alleged in the Complaint. *Id.* at 553; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaint must set forth factual allegations that are "enough to raise a right to relief above the speculative level"). The Court should dismiss the Complaint if it appears beyond doubt that Plaintiff can prove no plausible set of facts to support her claims which would entitle her to relief. *Twombly*, 550 U.S. at 555.

In determining the sufficiency of Plaintiff's claims, the Court may consider documents attached to, or incorporated by reference in, the pleadings; matters of which judicial notice may be taken; or documents either in Plaintiff's possession or of which she had knowledge and on which she relied in bringing suit. *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991), *cert. denied*, 112 S. Ct. 1561 (1992); *Madonna v. United States*, 878 F.2d 62, 64-65 (2d Cir. 1989); *Conlking v. Brookhaven Science Assoc., Inc.*, 2012 WL 2160439, at *2 (E.D.N.Y. June 12, 2012). Applying this standard, Defendants' Rule 12(c) motion should be granted and the Second Cause of Action dismissed in its entirety.

### B. Plaintiff Is Estopped From Maintaining Her NYLL Claims

Plaintiff's Second Cause of Action fails as a matter of law because her individual and purported class claims under the NYLL are barred by the final judgment and order entered in *Finisterre*. Federal courts are required to "give preclusive effect to state-court judgments whenever

3

the courts of the State from which the judgments emerged would do so." *Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir. 1987). The Supreme Court has stated that this rule applies to a state court class action judgment incorporating a settlement agreement releasing the defendants from pending claims. *Matsushita v. Elec. Indus. Co. v. Epstein*, 116 S. Ct. 873, 877-78 (1996).

As described above, Plaintiff failed to opt out and is bound by her waiver of NYLL claims under the *Finisterre* settlement. Moreover, there is no live controversy for any purported NYLL claims by other GCS employees pursuant to the class settlement. Had Plaintiff wished to challenge the fairness of the Settlement in *Finisterre*, or the validity of the release, this is not the appropriate forum. Plaintiff was given notice of the action, the opportunity to opt out, notice of the proposed settlement, and the opportunity to object. She failed to do so.

It is well-established that "a class action judgment is binding upon class members who were adequately represented in the action." *People v. Applied Card Systems, Inc.*, 11 N.Y.3d 105, 124, 894 N.E.2d 1, 13 (2008). "[This] conclusion is supported by a core principle of res judicata, a party's right to rely upon the finality of the results of previous litigation." *Id*. For this reason, "[c]ourts are wary of disturbing settlements, because they represent compromise and conservation of judicial resources, two concepts highly regarded in American jurisprudence." *Anita Foundations, Inc. v. Ilgwu Nat'l Retirement Fund*, 902 F.2d 185, 190 (2d Cir. 1990); *see also Hasbrouck v. BankAmerica Housing Servs.*, 187 F.R.D. 453, 458 (N.D.N.Y. 1999) ("Most importantly, a settlement produces finality and repose upon which people can order their affairs.").

The GCS Defendants are entitled to the finality and repose they achieved through negotiating the class settlement in the *Finisterre* action. Under the circumstances herein, Plaintiff has given the Court no choice but to hold that she is estopped from asserting all of her NYLL

claims in the Complaint. Plaintiff's Second Cause of Action is barred as a matter of law and should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the GCS Defendants respectfully request that the Court dismiss Plaintiff's Second Cause of Action in its entirety, and award to the GCS Defendants such other and further relief as the Court deems appropriate, including their reasonable attorneys' fees and costs.

Dated: New York, New York
October 15, 2020

                    Respectfully submitted,

                    OGLETREE, DEAKINS, NASH,
                     SMOAK & STEWART, P.C.

                    By s/ Aaron Warshaw
                       Aaron Warshaw
                       Jessica Schild
                    599 Lexington Avenue, 17th Floor
                    New York, New York 10022
                    (212) 492-2500

                    Attorneys for Defendants
                       *Global Contact Services, LLC, Frank Camp,*
                         *Antoinette Currie, and Jamie Hoffman*

44517832.2