UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEPHANIE THOMPSON,

          Plaintiff,

GLOBAL CONTACT SERVICES, LLC,
EUGENE OHEMENG, FRANK CAMP,
ANTOINETTE CURRIE, and JAMIE
HOFFMAN,

          Defendants.

**ORDER**
20-CV-651-MKB-SJB

**BULSARA, United States Magistrate Judge:**

    Plaintiff has moved to compel Defendants to respond to interrogatories and document requests, and to compel Defendants to provide dates for depositions. (Mot. to Compel dated Aug. 20, 2020 ("Mot."), Dkt. No. 21). Defendants have largely objected to the interrogatories and document requests on the grounds that a class or collective action has not been certified, and they "vehemently maintain[ ]" that a collective and class will never be certified. (Opp'n to Mot. dated Aug. 24, 2020 ("Opp'n"), Dkt. No. 23, at 4).

    Following the Supreme Court's pronouncement in *Wal-Mart Stores, Inc. v. Dukes* that the "'rigorous analysis'" necessary for certifying a class "will entail some overlap with the merits of the plaintiff's underlying claim," 564 U.S. 338, 351 (2011) (quoting *Gen. Telephone Co. v. Falcon*, 457 U.S. 147, 161 (1982)), "courts are reluctant to bifurcate class-related discovery from discovery on the merits." *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (collecting cases).

    Plaintiff's motion makes it appear that Defendants have refused entirely to provide class or collective-action discovery. (Mot. at 1 ("During the Meet and Confer, Defendants' counsel . . . noted that it was Defendants['] belief that class discovery was

not appropriate at this time as a class had not been certified.")). Defendants' papers, however, indicate that discovery should be limited to "certification" and "broad-based discovery" should be denied as premature. (Opp'n at 4). The Court cannot decipher the lines either side is drawing in this regard. It is quite obvious, in light of *Wal-Mart*, that a blanket refusal to provide class and collective discovery would be inappropriate; however, Defendants appear not to be drawing that line, as Plaintiff suggests. Yet, the distinction between "certification discovery" and "broad-based discovery" is as standardless as it inscrutable. Because Plaintiff fails to either appreciate the actual position being taken by Defendants, and Defendants' position is both impossible to understand or justify, the parties are directed to meet and confer about these issues. The parties should endeavor to identify with specificity the issues in dispute and avoid, in any future motion practice, speaking with broad generalities. The motion is denied without prejudice to renewal.

It appears that *both* sides have engaged in improper discovery practice. They have provided discovery responses that are inconsistent with the Federal Rules of Civil Procedure. "[R]esponses to discovery requests must: State grounds for objections with specificity; An objection must state whether any responsive materials are being withheld on the basis of that objection; and [s]pecify the time for production and, if a rolling production, when production will begin and when it will be concluded." *Fischer v. Forrest*, No. 14-CV-1304, 2017 WL 773694, at *1 (S.D.N.Y. Feb. 28, 2017). *First*, with respect to the objections, "[a]n objection must state whether any responsive materials are being withheld *on the basis of that objection*." Fed. R. Civ. P. 34(b)(2)(C) (emphasis added). Nothing is said by either party as to whether responsive documents exist; for each objection, both sides have also not indicated if any documents are being withheld

2

on the basis of that objection. (*E.g.*, GCS Defs.' Resps. and Objections to Pls.' First Set of Doc. Requests dated June 15, 2020 ("Defs.' Resps. to Doc. Requests"), attached as Ex. E to Aff. of C.K. Lee dated Aug. 20, 2020, Dkt. No. 21; Pl. Stephanie Thompson's Objections and Resps. to Defs.' First Request for the Produc. of Docs. dated July 3, 2020 ("Pl.'s Resp. to Doc. Requests"), attached as Ex. E to Opp'n, Dkt. No. 23).

*Second,* the objection that a request is "vague, ambiguous, and overbroad," is vacuous boilerplate. *Fischer*, 2017 WL 773694, at *3 ("[T]he responses to requests 1-2 stating that the requests are 'overly broad and unduly burdensome' is meaningless boilerplate. Why is it burdensome? How is it overly broad? This language tells the Court nothing."); *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008) ("[B]oilerplate objections that a request for discovery is 'overboard and unduly burdensome . . .' persist despite a litany of decisions from courts, including this one, that such objections are improper unless based on particularized facts." (citation omitted) (collecting cases)). It neither helps the Court understand what about the request is vague or ambiguous or overbroad.

*Third*, each side's discovery responses begin with a long recitation of general objections. (*E.g.*, Defs.' Resps. to Doc. Requests at 2–5; Pl.'s Resp. to Doc. Requests at 1–3). The 2015 Amendments to the Federal Rules of Civil Procedure no longer permit global, generalized objections to each request. Fed. R. Civ. P. 34(b)(2)(B). *Fourth*, several of Defendants' responses indicate objections on the basis of the "subject matter of the litigation." (*See, e.g.*, Defs.' Resps. to Doc. Requests at 3–22, 25). "The December 1, 2015 amendment to Rule 26(b)(1) limits discovery to material 'relevant to any party's claim or defense[.]'" *Fischer*, 2017 WL 773694, at *3 (quoting Fed. R. Civ. P. 26(b)(1)).

3

The phraseology "subject matter of the litigation" is not only outdated but misapprehends the scope of a party's discovery obligations.

Should either party move to compel discovery in the future, the Court will disregard and overrule all objections and responses by the non-moving party that fail to adhere to the 2015 Amendments to the Federal Rules of Civil Procedure. *E.g.*, *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, No. A-17-CA-365, 2017 WL 8939954, at *2 (W.D. Tex. Oct. 27, 2017) ("The not-so-recent 2015 amendments to the discovery rules expressly disallowed general objections, requiring instead that responses be individualized, and 'state with specificity the grounds for objecting to [each] request.' Fed R. Civ. P. 34(b)(2)(B). Because Defendants' general objections fail to do so, they are ineffectual, and the Court thus STRIKES the General Objections.").

Separately, Defendants have moved to compel responses to various interrogatories and document requests. (Opp'n at 1–2). Much of the motion is moot. Plaintiff has agreed to provide supplemental interrogatory and document responses. (Opp'n to Cross-Mot. to Compel Disc. dated Nov. 4, 2020, Dkt. No. 31, at 1–2). Plaintiff's sole remaining objection is the timeframe of the requested documents. (*Id*. at 2–3). Plaintiff's objection is sustained; since Plaintiff's duty to mitigate damages was only triggered as of the date of her employment with Defendants and after, the time frame for the requests at issue is so limited.

SO ORDERED.

*/s/ Sanket J. Bulsara* December 15, 2020
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York