UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE THOMPSON, *on behalf of herself and others similarly situated*,<br><br>   Plaintiff,<br><br>   *v.*<br><br>GLOBAL CONTACT SERVICES, LLC, EUGENE OHEMENG, FRANK CAMP, ANTOINETTE CURRIE, and JAMIE HOFFMAN,<br><br>   Defendants. | **ORDER**<br>20-CV-651-MKB-SJB |

**BULSARA, United States Magistrate Judge:**

Plaintiff has moved to compel certain discovery from Defendants: (1) discovery related to the putative NYLL class and proposed FLSA collective, (2) ESI for the six years preceding the filing of the Complaint; and (3) depositions of seven individuals. (Mot. to Compel dated Jan. 22, 2021 ("Mot."), Dkt. No. 46). Defendants oppose. (Opp'n dated Jan. 26, [2021] ("Opp'n"), Dkt. No. 48). For the reasons stated below, the motion is granted in part and denied in part.

I.   Class and Collective Discovery

Courts may conditionally certify a FLSA collective "after plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (quoting *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.)). Precertification discovery in a FLSA case should be tailored to this "modest" standard. *Burnett v. Wahlburgers Franchising LLC*, No. 16-CV-4602, 2017 WL 11504788, at *4–5 (E.D.N.Y. Dec. 6, 2017).

In contrast, the standard for preliminary certification of a Rule 23 class action is "more exacting." *Id.* at \*4. As this Court already noted in this case, in light of the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, class certification discovery necessarily entails some merits discovery. (Order dated Dec. 15, 2020 ("Order"), Dkt. No. 41, at 1). Cases following *Wal-Mart* "emphasize the importance of adjudicating a class motion only after class-related discovery is complete, discovery that often overlaps substantially with the merits." *Chen-Oster v. Goldman, Sachs & Co. (Chen-Oster I)*, 285 F.R.D. 294, 299 (S.D.N.Y. 2012).

The Court already warned Defendants that, following *Wal-Mart*, "a blanket refusal to provide class and collective discovery would be inappropriate." (Order at 2). Yet, it appears that a "blanket refusal" is exactly what Defendants have issued. In particular, Defendants argue that both collective *and* class discovery are premature because Plaintiff has already served her motion for collective certification (a motion they contend is futile), and because Defendants' victory on their motion to dismiss Plaintiff's class claims is assured.[1] (Opp'n at 2). These assertions are meritless.

Even if Plaintiff's motion for conditional certification *of a collective* were denied, Plaintiff would be entitled to discovery on her class claims. *See supra.* And "to obtain pre-certification discovery concerning class issues, the plaintiff must show that 'such discovery would be relevant to [her] future motion for class certification." *Van Elzen v. Revimedia, Inc.*, No. 17-CV-2131, 2018 U.S. Dist. LEXIS 132007, at \*11 (S.D.N.Y. Aug. 3, 2018). She "is not required to show that [she] will succeed on that future [certification]

---

[1] Defendants have moved for partial judgment on the pleadings, arguing that Plaintiff's NYLL claims are foreclosed by the class action settlement in *Finisterre v. Global Contact Services, LLC*. (GCS Defs.' Mem. of Law in Supp. of Their Mot. for J. on the Pleadings dated Oct. 15, 2020, Dkt. No. 33).

2

motion." *Id.* As such, absent a stay of discovery—which has not been sought, let alone granted—Plaintiff is also entitled to class discovery regardless of Defendants' pending motion for judgment on the pleadings.

The authorities Defendants cite in their opposition are either inapplicable here or contradict their argument entirely. *Charles v. Nationwide Mutual Ins. Co.*, No. 09-CV-94, 2010 WL 7132173 (E.D.N.Y. May 27, 2010), *Calabrese v. CSC Holdings, Inc.*, 02-CV-5171, 2007 WL 749690 (E.D.N.Y. Mar. 7, 2007), and *Dziennik v. Sealift, Inc.*, No. 05-CV-4659, 2006 WL 1455464 (E.D.N.Y. May 23, 2006), all predate *Wal-Mart*, which made clear that class certification cannot be evaluated without an examination of the merits—a reality that requires giving plaintiff access to discovery. *See Chen-Oster I*, 285 F.R.D. at 299–300.[2]

And *Burnett v. Wahlburgers Franchising LLC* is contrary to Defendants' position. For one thing, the Court compelled the employer to provide the very pre-collective-certification discovery that Defendants now resist. 2017 WL 11504788, at *6 (granting "plaintiffs' request to compel the Franchisee Defendants to produce potential collective action members' names, last known addresses, and telephone numbers"). And for another, while the opinion does not reach the appropriateness of plaintiffs' requests for payroll records and the like in advance of class certification, the Court notes that "plaintiffs may well be correct that [this discovery] will be relevant at the class certification stage." *Id.* at *4.

---

[2] Defendants also cite dicta from *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137 (S.D.N.Y. 2012), an inapposite decision on a motion to recuse the Magistrate Judge based on his perceived bias toward counsel.

3

As a result, Defendants' meritless objection to providing *any* class discovery is overruled. "Although the discovery shall proceed on a class basis, it must be conducted with any eye to relevance and proportionality and bear some relationship to the claims of the named Plaintiff." *Chow v. SentosaCare, LLC* (*Chow I*), No. 19-CV-3451, 2020 WL 559704, at *3 (E.D.N.Y. Jan. 23, 2020). For example, Plaintiff seeks a variety of employment records for other employees of Defendants, and she argues these records are necessary for her motion for class certification. (Mot. at 2). However, she does not restrict her requests to putative class members—who are, according to the Complaint, fellow call center representatives. (Class and Collective Action Compl. dated Feb. 5, 2020, Dkt. No. 1, ¶ 67). Instead, she seeks employment records for "all non-exempt employees" of Defendants. (*E.g.*, Pl.'s First Req. for Produc. of Docs. dated May 7, 2020, attached as Ex. A to Mot., Dkt. No. 46, ¶ 2). To the extent the records she seeks relate to putative class members—among other things, names, contact information, hours and pay information—they all bear on class certification, maybe sought, and must be produced. *See, e.g.*, *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 565 (S.D.N.Y. 2013).

As such, Defendants must produce class discovery, and the parties are directed to meet and confer on its scope. "[S]hould the parties not reach a sensible agreement on the scope of class discovery," the Court will "impose appropriate limits and may impose sanctions as appropriate." *Chow I*, 2020 WL 559704, at *4.

Separately, any objection to providing collective discovery is also overruled. Though Defendants contend that a collective action motion has been filed, it has not been, and no collective has been certified. And even if one had been certified, none of the cases cited by Defendants suggest that Plaintiff's filing of a collective certification

4

motion forecloses any collective discovery. Nor would such a proposition make any sense: conditional certification is the first stage in the two-step process for collective certification, *Charles*, 2010 WL 7132173, at *2; Plaintiff must still prove that Defendants have violated the FLSA with respect to any opt-in plaintiffs. And again, absent a stay of such discovery—which has never been sought—that Defendants' self-serving belief that conditional certification will be denied is insufficient to forestall discovery on the merits of the opt-in claimants.

II.     Remaining Issues

Two issues remain. First, Plaintiff seeks to compel the production of ESI. (Mot. at 3). Defendants counter that negotiations over ESI are ongoing and that the motion to compel is premature in this regard. (Opp'n at 3). The motion to compel is denied without prejudice to renewal, and the parties are directed to continue negotiation of an appropriate ESI protocol. Each side is advised, however, that their respective positions are untenable at this stage of litigation: it is neither appropriate to limit the discovery time period exclusively to Plaintiff's period of employment, nor for the statute of limitations to dictate the outlines of class discovery. *See, e.g.*, *Chow v. SentosaCare, LLC*, No. 19-CV-3541, 2020 WL 5623976, at *5 (E.D.N.Y. July 21, 2020).

Second, Plaintiff moves to compel deposition dates for seven individuals whom she noticed for deposition. (Mot. at 3). Defendants state that they are willing to produce the witnesses for deposition, but that they prefer to resolve outstanding issues of paper discovery in advance of depositions. (Opp'n at 3). The Court declines to set a deposition schedule at this time. As deposition time is limited by the Federal Rules of Civil Procedure, it may be advisable for Plaintiff to wait until certain outstanding discovery questions are resolved before deposing any witnesses. Fed. R. Civ. P. 30(d)(1).

5

However, she is entitled to stage the case as she wishes; to the extent Plaintiff properly serves a deposition notice, Defendants must comply.

SO ORDERED.

*/s/ Sanket J. Bulsara* February 16, 2021
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York