UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEPHANIE THOMPSON, *on behalf of herself and all others similarly situated*,

                        Plaintiff,                Case No. 20-CV-651(MKB)(SJB)

        - against -

GLOBAL CONTACT SERVICES, LLC, EUGENE
OHEMENG, FRANK CAMP, ANTOINETTE CURRIE,
and JAMIE HOFFMAN,

                        Defendants.
------------------------------------------------------------------X

## THE GCS DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1

Pursuant to Rule 56.1 of the Local Civil Rules of this Court, Defendants Global Contact Services, LLC ("GCS"), Frank Camp, Antoinette Currie, and Jamie Hoffman (collectively, the "GCS Defendants"), respectfully submit this statement of undisputed material facts[1] in support of their motion for partial summary judgment seeking to dismiss Plaintiff Stephanie Thompson's ("Plaintiff's") First Cause of Action under the FLSA.

1.     GCS operates an Access-a-Ride Call Center in Long Island City pursuant to an agreement with NYCTA to provide such services. (Camp Decl., ¶ 1.)

2.     GCS provides the necessary staff to handle thousands of daily calls for Access-A-Ride paratransit services, including taking reservations, scheduling trips, handling schedule overrides, and adjusting computerized scheduling parameters. (*Id.*)

---

[1]     The undisputed facts set forth herein are followed by citations to their support in the record. Copies of all documents cited herein are annexed to the Declaration of Frank Camp, dated December 7, 2020 ("Camp Decl."), submitted herewith.

3. GCS receives revenue from NYCTA based on the number of hours worked by Call Center customer care associates such as Thompson. (*Id.*, ¶ 3.)

4. GCS prohibits its Call Center customer care associates from working off the clock. (*Id.*, ¶ 4.)

5. At the time of hire, Call Center customer care associates such as Thompson receive training on recording all hours worked. (*Id.*)

6. GCS takes numerous steps to ensure that its Call Center customer care associates track accurate hours and are paid for all hours worked. (*Id.*, ¶ 5.)

7. All customer care associates at the Call Center such as Thompson record their hours worked utilizing an ADP time entry system. (*Id.*, ¶ 6.)

8. The system requires customer care associates to log in and log out of their work computer using a unique username and password. (*Id.*)

9. Customer care associates use computers that are terminal-based systems that are always running—i.e., that do not require boot up or boot down time. (*Id.*, ¶ 7.)

10. Customer care associates are also required to log into an Avaya phone system using a numeric passcode. (*Id.*, ¶ 8.)

11. Customer care associates must be logged into both the ADP and Avaya systems to perform their job duties. (*Id.*, ¶ 9.)

12. GCS pays customer care associates for all time worked when they are logged into the ADP and Avaya systems. (*Id.*, ¶ 10.)

13. GCS's contract with NYCTA requires GCS to harmonize the ADP and Avaya time entry reports each month, and to perform reconciliations to correct any errors. (*Id.*)

14. Customer care associates can also fill out a form to make manual corrections, such as when a customer care associate forgets to log in or log out of a system. (*Id.*, ¶ 11.)

15. Supervisors are trained to review customer care associates' time entry. (*Id.*, ¶ 12.)

16. If supervisors see any discrepancies, or if a customer care associate informs a supervisor of any discrepancies, the supervisor will make corrections to ensure the customer care associate is paid for their hours worked. (*Id.*)

17. Customer care associates are encouraged to speak to their supervisor if they did not enter time correctly, or if they performed work outside of their normal working hours, so that a supervisor can ensure all time is appropriately entered. (*Id.*, ¶ 13.)

18. Supervisors can, in turn, speak to GCS's Call Center management, such as Operations and Human Resources, if an issue arises over a customer care associate's time worked or time entry. (*Id.*, ¶ 14.)

19. In addition, customer care associates at the Call Center are represented by TWU Local 100, and may grieve or otherwise raise complaints or concerns about workplace conditions through their union. (*Id.*, ¶ 15.)

20. Thompson never complained that she was required to work "off the clock," that she was not paid for time worked, or that she was not paid at an overtime rate for time worked over 40 in a week. (*Id.*, ¶ 16.)

21. In addition, Thompson was never disciplined or threatened with discipline for recording hours she worked that were not part of my scheduled shifts, nor was she ever directed to "shave" or not enter time for hours worked. (*Id.*)

22. Thompson never raised a formal grievance or informal complaint about her hours work or pay through her union. (*Id.*)

23. Thompson's ADP time entry report shows that she generally worked a shift of approximately 10 hours starting before 7:00am and ending at 6pm, with a 30- to 60- minute lunch. (*Id.*, Ex. A.)

24. In August 2019, prior to her separation from GCS, Thompson's time entry report shows that she worked an 8-hour shift starting at 8:00am and ending at 5pm. (*Id.*)

25. GCS paid Thompson for all hours she worked as reflected on her time punch report from ADP after such entries were reconciled with the Avaya system. (*Id.*, ¶ 17.)

26. The time entry report shows that—on one occasion—a manual note was entered that Thompson was "locked out of my computer had to change seats." (*Id.*, Ex. A, 4/19/19 entry).

27. Notably, Thompson's time for this day reflects that she worked her customary ten-hour shift. (*Id.*, Ex. A.)

28. Thompson's time entry report shows that she worked and was paid for the same shift time throughout her employment at GCS. (*Id.*, Ex. A.)

Dated: New York, New York
December 7, 2020

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

By s/ Aaron Warshaw
    Aaron Warshaw
    Jessica Schild
599 Lexington Avenue, 17th Floor
New York, New York 10022
(212) 492-2500

Attorneys for Defendants
 *Global Contact Services, LLC, Frank Camp, Antoinette Currie, and Jamie Hoffman*