UNITED STATES DISTRICT COURT
EASTERN DISTRCIT OF NEW YORK
----------------------------------------------------------------X
STEPHANIE THOMPSON, *on behalf of herself,*
*FLSA Collective Plaintiffs and the Class*

                           Plaintiff,                     Case No. 20-CV-651(MKB)(SJB)

                  -against-

GLOBAL CONTACT SERVICES, LLC,
EUGENEOHEMENG, FRANK CAMP,
ANTOINETTE CURRIE, and
JAMIE HOFFMAN,

                         Defendants.
----------------------------------------------------------------X

## Plaintiff's Response to Defendants Rule 56.1 Statement of Material Facts

Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Eastern District of New York, Plaintiff Stephanie Thompson, by her undersigned attorneys, in opposition of Defendants' motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, submit the following Response to Defendants' Statement of Material Facts pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Eastern District of New York:

1. GCS operates an Access-a-Ride Call Center in Long Island City pursuant to an agreement with NYCTA to provide such services. (Camp Decl., ¶ 1.)

**RESPONSE**: Admit.

2. GCS provides the necessary staff to handle thousands of daily calls for Access-A-Ride paratransit services, including taking reservations, scheduling trips, handling schedule overrides, and adjusting computerized scheduling parameters. (Id.)

**RESPONSE**: Deny. *See* Declaration of Stephanie Thompson January 2021 ("Thompson Decl. January 2021") ¶ 6.

3. GCS receives revenue from NYCTA based on the number of hours worked by Call Center customer care associates such as Thompson. (Id., ¶ 3.)

**RESPONSE**: Insufficient information to admit or deny at the time, subject to Discovery.

4. GCS prohibits its Call Center customer care associates from working off the clock. (Id., ¶ 4.)

**RESPONSE**: Deny. *See* Thompson Decl. January 2021 ¶ 5.

5. At the time of hire, Call Center customer care associates such as Thompson receive training on recording all hours worked. (Id.)

**RESPONSE**: Deny. *See* Thompson Decl. January 2021 ¶ 2.

6. GCS takes numerous steps to ensure that its Call Center customer care associates track accurate hours and are paid for all hours worked. (Id., ¶ 5.)

**RESPONSE**: Deny. *See* Thompson Decl. January 2021 ¶¶ 2-4.

7. All customer care associates at the Call Center such as Thompson record their hours worked utilizing an ADP time entry system. (Id., ¶ 6.)

**RESPONSE**: Deny. *See* Thompson Decl. January 2021 ¶ 2.

8. The system requires customer care associates to log in and log out of their work computer using a unique username and password. (Id.)

**RESPONSE**: Admit.

9. Customer care associates use computers that are terminal-based systems that are always running—i.e., that do not require boot up or boot down time. (Id., ¶ 7.)

**RESPONSE**: Admit as to using computers. Deny as to the computers always running. *See* Thompson Decl. January 2021 ¶ 2.

10. Customer care associates are also required to log into an Avaya phone system using a numeric passcode. (Id., ¶ 8.)

**RESPONSE**: Admit.

11. Customer care associates must be logged into both the ADP and Avaya systems to perform their job duties. (Id., ¶ 9.)

**RESPONSE**: Admit.

12. GCS pays customer care associates for all time worked when they are logged into the ADP and Avaya systems. (Id., ¶ 10.)

**RESPONSE**: Deny. *See* Thompson Decl. January 2021 ¶¶ 2-5.

13. GCS's contract with NYCTA requires GCS to harmonize the ADP and Avaya time entry reports each month, and to perform reconciliations to correct any errors. (Id.)

**RESPONSE**: Insufficient information to admit or deny at the time, subject to Discovery.

14. Customer care associates can also fill out a form to make manual corrections, such as when a customer care associate forgets to log in or log out of a system. (Id., ¶ 11.)

**RESPONSE**: Deny. *See* Thompson Decl. January 2021 ¶ 3.

15. Supervisors are trained to review customer care associates' time entry. (Id., ¶ 12.)

**RESPONSE**: Deny. *See* Thompson Decl. January 2021 ¶ 2.

16. If supervisors see any discrepancies, or if a customer care associate informs a supervisor of any discrepancies, the supervisor will make corrections to ensure the customer care associate is paid for their hours worked. (Id.)

**RESPONSE**: Deny. *See* Thompson Decl. January 2021 ¶¶ 3-4.

17. Customer care associates are encouraged to speak to their supervisor if they did not enter time correctly, or if they performed work outside of their normal working hours, so that a supervisor can ensure all time is appropriately entered. (Id., ¶ 13.)

**RESPONSE**: Deny. *See* Thompson Decl. January 2021 ¶ 4.

18. Supervisors can, in turn, speak to GCS's Call Center management, such as Operations and Human Resources, if an issue arises over a customer care associate's time worked or time entry. (Id., ¶ 14.)

**RESPONSE**: Admit.

19. In addition, customer care associates at the Call Center are represented by TWU Local 100, and may grieve or otherwise raise complaints or concerns about workplace conditions through their union. (Id., ¶ 15.)

**RESPONSE**: Admit.

20. Thompson never complained that she was required to work "off the clock," that she was not paid for time worked, or that she was not paid at an overtime rate for time worked over 40 in a week. (Id., ¶ 16.)

**RESPONSE**: Deny. *See* Thompson Decl. January 2021 ¶¶ 3-5.

21. In addition, Thompson was never disciplined or threatened with discipline for recording hours she worked that were not part of my scheduled shifts, nor was she ever directed to "shave" or not enter time for hours worked. (Id.)

**RESPONSE**: Deny. *See* Thompson Decl. January 2021 ¶ 5.

22. Thompson never raised a formal grievance or informal complaint about her hours work or pay through her union. (Id.)

**RESPONSE**: Deny. *See* Thompson Decl. January 2021 ¶¶ 5-6.

23. Thompson's ADP time entry report shows that she generally worked a shift of approximately 10 hours starting before 7:00am and ending at 6pm, with a 30- to 60- minute lunch. (Id., Ex. A.)

**RESPONSE**: Deny. Plaintiff's shift were typically more than ten (10) hours. *See* Declaration of Stephanie Thompson, ¶¶ 2-6.

24. In August 2019, prior to her separation from GCS, Thompson's time entry report shows that she worked an 8-hour shift starting at 8:00am and ending at 5pm. (Id.)

**RESPONSE**: Deny. Plaintiff's shifts were typically more than eight (8) hours. *See* Declaration of Stephanie Thompson, ¶¶ 2-6; *see also* Declaration of Frank Camp, Exhibit A.

25. GCS paid Thompson for all hours she worked as reflected on her time punch report from ADP after such entries were reconciled with the Avaya system. (Id., ¶ 17.)

**RESPONSE**: Deny that the hours reflected were accurate. *See* Thompson Decl. January 2021 ¶ .

26. The time entry report shows that—on one occasion—a manual note was entered that Thompson was "locked out of my computer had to change seats." (Id., Ex. A, 4/19/19 entry).

**RESPONSE**: Admit.

27. Notably, Thompson's time for this day reflects that she worked her customary ten hour shift. (Id., Ex. A.)

**RESPONSE**: Deny. Plaintiff's shift was more than ten (10) hours. *See* Declaration of Stephanie Thompson, ¶¶ 2-6.

28. Thompson's time entry report shows that she worked and was paid for the same shift time throughout her employment at GCS. (Id., Ex. A.)

**RESPONSE**: Deny. Plaintiff's start and end time varied daily. *See* Declaration of Frank Camp, Exhibit A.

Dated: New York, New York  
    February 2, 2021

Respectfully submitted,  
LEE LITIGATION GROUP, PLLC

By:   <u>*/s/ C.K. Lee*</u>
C.K. Lee, Esq. (CL 4086)
Lee Litigation Group, PLLC
148 West 24th Street, 8th Floor New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs, FLSA*
*Collective Plaintiffs and the Class*