UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
STEPHANIE THOMPSON, *on behalf of herself and others similarly situated*,

                              Plaintiff,

                v.

GLOBAL CONTACT SERVICES, LLC, FRANK CAMP, ANTOINETTE CURRIE, and JAMIE HOFFMAN,

                              Defendants.

**ORDER**
20-CV-651 (MKB) (SJB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Stephanie Thompson, on behalf of herself and others similarly situated, commenced the above-captioned action against Defendants Global Contact Services, LLC ("GCS"), Frank Camp, Antoinette Currie, and Jamie Hoffman on February 5, 2020, asserting claims for recovery of unpaid wages, overtime wages, liquidated damages, interest, and reasonable attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL"), and claims for discrimination in violation of the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* (the "NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* (the "NYCHRL").[1]  (Compl., Docket Entry No. 1.)  Plaintiff moved for conditional certification of a FLSA collective and in response, Defendants cross-moved for partial summary judgment as

---

[1] In her Complaint, Plaintiff also asserted claims of discrimination, battery, and intentional infliction of emotional distress against Defendant Eugene Ohemeng.  (*See* Compl. ¶¶ 90–135.)  Ohemeng had not appeared in this case, and on August 4, 2021, Plaintiff dismissed all claims against him without prejudice.  (*See* Notice of Dismissal, Docket Entry No. 71.)

to Plaintiff's FLSA claim, which Plaintiff opposed.[2]  On February 17, 2021, the Court referred Defendants' motion to Magistrate Judge Sanket J. Bulsara for a report and recommendation. (Order dated Feb. 17, 2021.)  By report and recommendation dated July 21, 2021, Judge Bulsara recommended that the Court deny Defendants' motion for partial summary judgment (the "R&R").[3]  (R&R, Docket Entry No. 70.)  Defendants have not opposed the R&R.

For the reasons set forth below, the Court adopts the R&R and denies Defendants' motion for partial summary judgment.

## I. Background

In the R&R, Judge Bulsara recommended that the Court deny Defendants' motion for summary judgment for several reasons.  (R&R 19.)  First, Judge Bulsara found that "[t]o establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that . . . the employer had actual or constructive knowledge" of an employee's "work for which the employee was not properly compensated," and Defendants "fail[ed] to demonstrate that they lacked knowledge of [Plaintiff's] unrecorded time such that Defendants are entitled to judgment as a matter of law."  (*Id.* at 11–12 (quoting *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011)).)  Judge Bulsara credited Plaintiff's affidavits because the affidavits "even absent additional proof, are sufficient to defeat summary judgment" and found that Plaintiff's statements that she "filled out 'several' written forms to correct her time entries," "complained to her managers at GCS about off-the-clock work," and complained to her union created a genuine

---

[2] (*See* Pl.'s Mot. for Conditional Collective Certification, Docket Entry No. 51; Defs.' Mot. for Partial Summ. J. ("Defs.' Mot."), Docket Entry No. 55; Pl.'s Mem. in Opp'n to Defs.' Mot., Docket Entry No. 56.)

[3] On July 21, 2021, Judge Bulsara denied Plaintiff's motion for conditional collective certification.  (*See* Mem. and Order dated July 21, 2021, Docket Entry No. 69.)

2

dispute of material fact as to Defendants' constructive knowledge of her hours that could not be resolved on summary judgment. (*Id.* at 14 & n.16.)

Next, Judge Bulsara found Defendants' argument that they were not responsible for hours worked that Plaintiff failed to record via their timekeeping systems was unpersuasive because this argument has been rejected by the Second Circuit. (*Id.* at 15.) Citing to *Kuebel*, Judge Bulsara found that "if an employer knows or has reason to know an employee is working overtime, the employer has a responsibility to pay wages for those hours even if the employee does not record her hours properly or in accordance with its established systems." (*Id.*) In addition, Judge Bulsara found that there is a genuine dispute of material fact "as to whether [Plaintiff] utilized GCS's timekeeping systems" because Plaintiff stated in her affidavit that she "followed company procedures about making written corrections to her time entries, raised complaints with her managers at GCS, and raised complaints with her union." (*Id.* at 17.) Judge Bulsara found Defendants' authorities unpersuasive because Defendants (1) cited cases squarely rejected by the Second Circuit which held that an employee must follow established timekeeping procedures to state an overtime claim, and (2) cited cases where the plaintiffs did not produce any evidence of actual or constructive knowledge of uncompensated overtime. (*Id.* at 16–17.)

Finally, Judge Bulsara rejected Defendants' contention that they are entitled to summary judgment "because they have demonstrated that it was not in their interest to permit employees to work off-the-clock." (*Id.* at 17.) Judge Bulsara found that this argument is not a cognizable basis for summary judgment because "there are facts suggesting that GCS's incentives, in actuality, failed to translate accurately or lead to legal compliance." (*Id.* at 18.)

No party has objected to the R&R and the time for doing so has passed.

3

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

4

### III. Conclusion

Accordingly, the Court adopts the R&R and denies Defendants' motion for partial summary judgment.

Dated: August 6, 2021
       Brooklyn, New York

                                      SO ORDERED:

                                      _____s/ MKB_____
                                      MARGO K. BRODIE
                                      United States District Judge